UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-02384-KK-MARx** | Date: | October 30, 2025 |
|---|---|---|---|
| Title: | ***Abel Borrayo, et al. v. General Motors LLC, et al.*** | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |
|---|---|

| Twyla Freeman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order DENYING Plaintiffs' Motion to Remand [Dkt. 15]**

## I.
## INTRODUCTION

On April 8, 2025, plaintiffs Abel Borrayo and Yesenia Flores ("Plaintiffs") filed a Complaint against defendant General Motors LLC ("Defendant") in Los Angeles County Superior Court, alleging violations of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq., ("Song-Beverly Act") and the Magnuson-Moss Warranty Act, 15 U.S.C § 2301, et seq., ("Magnuson-Moss Act"). ECF Docket No. ("Dkt.") 1-1, Ex. A, Complaint ("Compl."). On September 11, 2025, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1446. Dkt. 1. On October 3, 2025, Plaintiffs filed the instant Motion to Remand ("Motion"). Dkt. 15, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument and hereby **VACATES** the hearing for the Motion scheduled for November 6, 2025. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

## II.
## BACKGROUND

On November 17, 2022, Plaintiffs purchased a 2022 Cadillac Escalade ("Subject Vehicle"). Compl. ¶¶ 6, 9. During their ownership of the Subject Vehicle, Plaintiffs allege "the Subject Vehicle manifested defects covered by Defendant's express written warranties," including but not limited to "engine defects." Id. ¶ 12. Plaintiffs allege they brought the Subject Vehicle to Defendant and/or

its authorized facilities for repair, but Defendant failed to repair the Subject Vehicle in a timely manner, replace the Subject Vehicle, or offer sufficient service literature and replacement parts.  Id. ¶¶ 8-28.

On April 8, 2025, Plaintiffs filed the operative Complaint against Defendant in Los Angeles County Superior Court, seeking, among other forms of relief, actual damages and a civil penalty.  Id.  The Complaint raises the following five causes of action:

1. **Cause of Action One:**  Violation of the Song-Beverly Act, Cal. Civ. Code § 1793.2(d);
2. **Cause of Action Two:**  Violation of the Song-Beverly Act, Cal. Civ. Code § 1793.2(b);
3. **Cause of Action Three:**  Violation of the Song-Beverly Act, Cal. Civ. Code § 1793.2(a)(1)(A)(3);
4. **Cause of Action Four:**  Violation of the Song-Beverly Act, Cal. Civ. Code § 1791.1; and
5. **Cause of Action Five:**  Violation of the Magnuson-Moss Act, 15 U.S.C. §§ 2301-2312.

Id. ¶ 8-44.

On April 11, 2025, Defendant was served with the summons and Complaint.  Mot. at 1; dkt. 15-1, ¶ 5, Ex. 1.  On July 3, 2025, Defendant filed an Answer to the Complaint.  Dkt. 1-2, Ex. B.

On September 11, 2025, Defendant filed a Notice of Removal.  Dkt. 1.  Defendant argues removal is proper based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.  Id. at 2-6.

On October 16, 2025, Plaintiffs filed the instant Motion.  Mot.  Plaintiffs argue the matter should be remanded because Defendant failed to file the Notice of Removal within 30 days of service of the Complaint.  Id. at 4-9.  Additionally, Plaintiffs argue Defendant has not satisfied the amount in controversy requirement.  Id. at 9-11.  In support of the Motion, Plaintiffs submit the Declaration of Michelle Yang ("Yang Decl."), dkt. 15-1.

On October 16, 2025, Defendant filed an Opposition to the Motion.  Dkt. 16, Opposition ("Opp.").  In support of the Motion, Defendant submits the Declaration of Kevin M. Fitch ("Fitch Decl."), dkt. 16-1.  Defendant also submits copies of the Retail Installment Sales Contract, Fitch Decl., ¶ 2, Ex. A ("RISC"); Repair History, Fitch Decl., ¶ 3, Ex. B; and Payment History, Fitch Decl., ¶ 4, Ex. C.

On October 23, 2025, Plaintiffs filed a Reply in support of the Motion.  Dkt. 18, Reply.

This matter, thus, stands submitted.

///

///

# III.
# LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction. When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy over $75,000. 28 U.S.C. § 1332; see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

When removing a case under federal question jurisdiction, the defendant must establish the claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see also Negrete v. City of Oakland, 46 F.4th 811, 816-17 (9th Cir. 2022). Claims filed under the Magnuson-Moss Act do not trigger federal question jurisdiction unless the amount in controversy is equal to or greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." 15 U.S.C. § 2310(d)(3)(B); see Khachatryan v. BMW of N. Am., LLC, No. CV 21-01290-PA-PDx, 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021). In calculating the applicable damages for claims brought under the Magnuson-Moss Act, courts look "to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy." Romo v. FFG Ins. Co., 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005) (citing Kelly v. Fleetwood Enters., 377 F.3d 1034, 1039 (9th Cir. 2004)).

# IV.
# DISCUSSION

**A.    DEFENDANT'S NOTICE OF REMOVAL IS TIMELY**

    **1.    Applicable Law**

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. Alternatively, if the basis for removal is not clear on the face of the complaint, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The 30-day "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" Dietrich v. Boeing Co., 14 F.4th 1089, 1091 (9th Cir. 2021). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). While a defendant must "apply a reasonable amount of intelligence in ascertaining removability," they "need not make extrapolations or engage in guesswork." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (citation and internal quotation marks omitted).

If neither 30-day deadline under 28 U.S.C. § 1446(b) applies, a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013). In any event, under 28 U.S.C. § 1446(c)(1), removal based on diversity jurisdiction is limited to one year after commencement of the action, unless the plaintiff has acted in bad faith.

**2.      Analysis**

Here, Plaintiffs argue service of the Complaint on April 11, 2025 triggered the 30-day deadline for removal under 28 U.S.C. § 1446(b)(1) because the Complaint established the "overall removability of the action."[1] Mot. at 2. However, contrary to Plaintiffs' argument, the face of the Complaint was indeterminate as to the amount in controversy. In fact, Plaintiffs concede the Complaint "does not allege a specific monetary relief figure." Id. at 8.

Plaintiffs nonetheless argue Defendant, "[g]iven its sophisticated knowledge of the motor vehicle industry," was able to "ascertain an approximation of the Subject Vehicle's market value as the manufacturer and distributor of the Subject Vehicle; especially given that the make, model, year, and VIN, were included . . . within the Complaint." Id. at 7. Further, Plaintiffs contend the caption page and Civil Case Cover Sheet attached to the Complaint showed the case was filed under the state court's unlimited jurisdiction, indicating they sought over $35,000 in damages. Id. at 8. Plaintiffs, thus, conclude that because the Complaint "expressly lays out the specific forms of statutory relief," including civil penalties and attorney's fees, the Complaint "ma[d]e it clear that the instant action was removable." Id.

The Court is not persuaded by Plaintiffs' arguments. First, Plaintiffs' argument regarding Defendant's sophistication in the motor vehicle industry and subjective knowledge is irrelevant as to notice of removability. See Harris, 425 F.3d at 695 (rejecting subjective knowledge as a test for notice). Second, the fact that Plaintiffs filed an unlimited civil case in state court did not indicate to Defendant the amount in controversy exceeded the jurisdictional threshold.[2] See Lopez v. Gen. Motors, LLC, No. CV 25-06549-MWF-MAAx, 2025 WL 2629545, at *2 (C.D. Cal. Sept. 11, 2025) (rejecting the same argument); see also Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886 (9th Cir. 2010) ("The checked 'Unlimited' box on the cover sheet merely indicates that the '[a]mount demanded exceeds $25,000.'"). Hence, given the ambiguity on the face of the Complaint where Plaintiffs failed to provide any information concerning the amount of damages sought, Defendant

---

[1] Plaintiffs appear to abandon this argument in the Reply, conceding "it is unclear from the face of the Complaint that the Federal threshold is exceeded." Reply at 2.

[2] In the Motion, Plaintiffs contend they seek a minimum of $35,000 in actual damages, which, when combined with a civil penalty of up to two times actual damages and attorney's fees, causes the amount in controversy to exceed $50,000 for federal question jurisdiction under the Magnuson-Moss Act or $75,000 for diversity jurisdiction. Mot. at 8 n.1. However, the Complaint did not specify an amount for actual damages; rather, Plaintiffs merely requested "actual damages in an amount according to proof." Compl. at 6.

had no duty to "make extrapolations or engage in guesswork" as to the amount of controversy.[3] Kuxhausen, 707 F.3d at 1140; see also Covarrubias v. Ford Motor Co., No. CV 25-00328-JLS-MAAx, 2025 WL 907544, at *3 (C.D. Cal. Mar. 24, 2025) (finding a complaint was indeterminate as to the amount in controversy when the complaint failed to provide information on the amount of actual damages or statutory offsets under the Song-Beverly Act).

Thus, it was not "unequivocally clear and certain" from the Complaint that Defendant had grounds for removal based on diversity jurisdiction or federal question jurisdiction. Dietrich, 14 F.4th at 1095. Because the Complaint was ambiguous on its face as to removability, the 30-day removal clock did not start when the Complaint was served on April 11, 2025. Hence, Defendant was permitted to file a Notice of Removal outside the 30-day period "on the basis of its own information" obtained through investigation. Roth, 720 F.3d at 1125.

Accordingly, Defendant's Notice of Removal is timely.

**B.  DEFENDANT HAS MET ITS BURDEN FOR SATISFYING THE AMOUNT IN CONTROVERSY REQUIREMENT**

**1.  Applicable Law**

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted). Where the amount in controversy is unclear or ambiguous from the face of the state-court complaint, "a defendant's amount in controversy allegation is normally accepted . . . unless it is 'contested by the plaintiff or questioned by the court.'" Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014)).

"When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Jauregui, 28 F.4th at 99 (quoting Dart Cherokee Basin Operating Co., 574 U.S. at 88). Parties may submit evidence, "including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra, 775 F.3d at 1197 (citation and internal quotation marks omitted). "A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold." Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture[.]" Ibarra, 775 F.3d at 1197.

---

[3] Plaintiffs alternatively argue the inclusion of a federal cause of action under the Magnuson-Moss Act alone "formed the basis of federal question jurisdiction" when the Complaint was filed and served on Defendant. Mot. at 5. As discussed above, however, the Complaint did not make clear the amount in controversy, let alone that Plaintiffs' claims "unequivocally" exceeded the $50,000 threshold for jurisdiction under the Magnuson-Moss Act. Dietrich, 14 F.4th at 1095; see also Lopez, 2025 WL 2629545, at *2 (denying a motion to remand where the complaint did not allege "even a boilerplate statement that [plaintiff] is entitled to more than $50,000, let alone . . . any specific amounts (i.e., purchase price)").

"[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018). However, the amount of controversy is reduced if "a rule of law or measure of damages limits the amount of damages recoverable." Morris v. Hotel Riviera, Inc., 704 F.2d 1113, 1115 (9th Cir. 1983).

Under the Song-Beverly Act, the buyer of a vehicle may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)-(C); see also Schneider v. Ford Motor Co., 756 F. App'x 699, 701 n.3 (9th Cir. 2018) ("Consideration of the Use Offset [is] appropriate."). This reduction, also known as a mileage offset, is calculated by dividing the number of miles driven prior to first delivery for correction by 120,000 and multiplying the resulting fraction by the actual price of the new motor vehicle paid or payable by the buyer. Cal. Civ. Code § 1793.2(d)(2)(C). In addition to restitution, the buyer may recover a civil penalty up to two times the amount of actual damages if the statutory violations were willful. Id. § 1794(c).

**2.    Analysis**

Here, Plaintiffs argue Defendant fails to establish, by a preponderance of the evidence, the amount in controversy exceeds $50,000.[4] See Mot. at 9-11; Reply at 3 ("Defendant offers no competent evidence quantifying damages, penalties, or fees."). However, contrary to Plaintiffs' assertions, Defendant has provided ample evidence in support of its amount in controversy allegations, including the Retail Installment Sale Contract, Repair History, and Payment History for the Subject Vehicle. The Retail Installment Sale Contract shows the total price paid for the Subject Vehicle was $147,409.12. RISC at 1. Based on the Retail Installment Sale Contract and Repair History, Defendant estimates the mileage offset to be $22,558.52.[5] Opp. at 17. Moreover, Defendant alleges it is entitled to an additional statutory offset of $40,918.09.[6] Id. Hence, Defendant approximates Plaintiffs' actual damages at $83,932.51. Id. at 18.

---

[4] Plaintiffs do not dispute there is complete diversity in the citizenship of the parties.

[5] Defendant alleges the number of miles driven prior to the first delivery for correction was 24,172 miles. Opp. at 17; compare RISC at 1 (showing the total mileage at the time of purchase was 1,872 miles) with Fitch Decl., ¶ 3, Ex. B (showing the total mileage when the Subject Vehicle was presented for repair on January 2, 2024 was 26,044 miles). Further, Defendant alleges the "actual price of the new motor vehicle" for the purpose of calculating the mileage offset was $111,990, or the cash value of the Subject Vehicle at the time of purchase. Opp. at 17; see RISC at 2. Plaintiffs do not dispute any of the figures or methods used by Defendant to compute the mileage offset.

[6] Among other charges, optional service contracts from third parties, negative equity, and unpaid financing costs must be deducted from actual damages under the Song-Beverly Act. See Cal. Civ. Proc. Code § 871.27(b)-(f). The Retail Installment Sale Contract shows $371 in an optional service contract and negative equity of $578. RISC at 2. The Payment History shows $57,678.65 in unpaid financing costs as of September 12, 2025. Fitch Decl., ¶ 4, Ex. C. Defendant estimates the amount of unpaid financing will be further reduced by at least 12 additional monthly payments of $1,638.71 pending resolution of the case. Opp. at 17; see also RISC at 1. The Court notes 12

Plaintiffs argue Defendant's estimate of actual damages is "not supported by facts or evidence presented in Defendant's Notice of Removal, Opposition, or from the face of Plaintiffs' Complaint."  Reply at 5.  However, as discussed above, Defendant submits sufficient evidence with the Opposition to support its calculation of actual damages and statutory offsets.  See, e.g., Carillo v. FCA USA, LLC, 546 F. Supp. 3d 995, 1001-04 (C.D. Cal. 2021) (finding the defendant satisfied the amount in controversy requirement by submitting the sales contract and repair order).

In addition to actual damages, Defendant alleges the amount of the civil penalty at stake is $167,865.02, or two times the amount of actual damages.  Opp. at 18; see Cal. Civ. Code § 1794(c).  Plaintiffs argue Defendant "fails to establish that inclusion of civil penalties is appropriate."  Mot. at 10.  Specifically, Plaintiffs argue Defendant "[m]erely assum[es] the existence of a civil penalty award" and fails to "offer evidence of willfulness that might support such an award."  Reply at 6.  However, because Defendant has established actual damages by a preponderance of the evidence, the amount of the civil penalty is likewise non-speculative.  See, e.g., Ghebrendrias v. FCA US LLC, No. CV 21-06492-VAP-PDx, 2021 WL 5003352, at *2 (C.D. Cal. Oct. 28, 2021) (computing the civil penalty based on actual damages).  Additionally, the Complaint alleges willfulness and states Plaintiffs "are entitled to a civil penalty of two times Plaintiffs' actual damages."  Compl. ¶¶ 17, 24, 28.  Given these allegations, Defendant is not "required to put forth evidence of its own willfulness to oppose a motion to remand."  De Vidal v. Ford Motor Co., No. CV 21-07115-FLA-JPRx, 2022 WL 17093070, at *4 (C.D. Cal. Nov. 21, 2022); see also Brooks v. Ford Motor Co., No. CV 20-302-DSF-KKx, 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) ("It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act . . . .).  Hence, Defendant has sufficiently established that Plaintiffs have placed the maximum amount of the civil penalty in controversy, "whatever the likelihood that [he] will actually recover" that amount.  Chavez, 888 F.3d at 417; see also Amavizca v. Nissan N. Am., Inc., No. EDCV 22-02256-JAK-KKx, 2023 WL 3020489, at *8 (C.D. Cal. Apr. 19, 2023) ("[Defendant] need not prove that Plaintiff[] [is] more likely than not to obtain the maximum civil penalty award; [Defendant] need only prove, by a preponderance of the evidence, that Plaintiff[] ha[s] placed this amount in controversy."); Guaschino v. Hyundai Motor Am., No. CV 23-04354-MWF-JPRx, 2023 WL 5165548, at *5 (C.D. Cal. Aug. 10, 2023) (explaining Defendant must only "prov[e] by a preponderance of the evidence the amount *in controversy*, not the precise amount for which Defendant will inevitably be liable").

Thus, combining actual damages and the civil penalty, Defendant has established an amount in controversy of $251,797.53, well above the $50,000 threshold for federal question jurisdiction under the Magnuson-Moss Act or the $75,000 threshold for diversity jurisdiction.[7]  Accordingly, Defendant has met its burden for satisfying the amount in controversy requirement.

---

additional payments of $1,638.71 would reduce the amount of unpaid financing costs by $19,664.52 to $38,014.13, not $39,969.09 as Defendant estimates.  See Opp. at 17.  However, this discrepancy is not material to the analysis, as Defendant would satisfy the amount in controversy requirement with either estimate.  In any event, Plaintiffs do not dispute any of the figures or methods used by Defendant to compute these additional offsets.

[7] Plaintiffs also seek attorney's fees.  Compl. at 6; see also Cal. Civ. Code § 1794(d) (allowing recovery of reasonable attorney's fees).  Defendant estimates Plaintiffs will seek a minimum of

# V.
# CONCLUSION

For the foregoing reasons, the Court finds Defendant's Notice of Removal is timely and Defendant has met its burden for satisfying the amount in controversy requirement. Accordingly, Plaintiffs' Motion to Remand is **DENIED**. The hearing for the Motion scheduled for November 6, 2025 is **VACATED**.

**IT IS SO ORDERED**.

---

$15,000 in attorney's fees. Opp. at 19; Fitch Decl. ¶ 5. While Plaintiffs challenge Defendant's allegation as "*purely speculative*," Reply at 8 (emphasis in original), the Court need not consider this issue because Defendant has already satisfied the amount in controversy requirement from the estimated actual damages and civil penalty at stake. See, e.g., Lee v. FCA US, LLC, No. CV 16-5190-PSG-MRWx, 2016 WL 11516754 (C.D. Cal. Nov. 7, 2016).